UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

WALDO E. TORIBIO VALERIO,                          :

                    Plaintiff,                          :

           - against -                          :

THE CITY OF NEW YORK, JEREMY STUMER,     :
"JOHN DOE" #1, "JOHN DOE" #2, "JOHN DOE" #3,     :
"JOHN DOE" #4, "JOHN DOE" #5, and "JOHN DOE"     :
#6, All in Their Individual Capacities and in Their     :
Official Capacities,     :

              Defendants                          :

---------------------------------------------------------------------x

|  |
|---|
| 23CV2876 |
| COMPLAINT AND DEMAND FOR JURY TRIAL |
| ECF CASE |

Plaintiff, by his attorneys, MICHELSTEIN & ASHMAN, PLLC , complaining of the defendants, alleges:

## NATURE OF THE ACTION

    1.  This is a civil rights action to redress the defendants' violations of the rights accorded to plaintiff Waldo E. Toribio Valerio by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the Constitution of the United States, including the Fourth and Fourteenth Amendments, and by the laws of the State of New York.

    2.  Plaintiff Waldo E. Toribio Valerio is a citizen of the United States who, on April 8, 2022, was violently forced from his motorcycle, assaulted and arrested without a warrant on a false criminal charge of Reckless Driving by defendants Jeremy Stumer and New York City police officers "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4 and "John Doe" #5 and "John Doe" #6, and prosecuted by defendant Jeremy Stumer on a false criminal charge of Reckless Driving. The charge of Reckless Driving was dismissed.

3. The defendants' actions were unlawful, and the plaintiffs bring this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), and 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violations of the constitutional and civil rights of the plaintiff, and 28 U.S.C. §1367(a), in that the state and federal claims arise from a common nucleus of operative facts such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and © in that all of the events which give rise to the claims occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendants Jeremy Stumer, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 can be found within the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

6. Plaintiff Waldo E. Toribio Valerio resides in the County of Bronx, City and State of New York.

7. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

8. At all times relevant herein, defendant The City of New York maintained a police department.

9.  Defendant Jeremy Stumer is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

10.  At all times relevant herein, defendant Jeremy Stumer was acting within the scope of his employment by defendant The City of New York.

11. Defendant "John Doe" #1 is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer, with the rank of sergeant.

12. Defendant "John Doe" #1 is the sergeant depicted in the photograph annexed to this Complaint as Exhibit A.

13.  At all times relevant herein, defendant "John Doe" #1 was acting within the scope of his employment by defendant The City of New York.

14. Defendant "John Doe" #2 is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

15.  Defendant "John Doe" #2 is the police officer depicted in the photograph annexed to this Complaint as Exhibit B.

16. At all times relevant herein, defendant "John Doe" #2 was acting within the scope of his employment by defendant The City of New York.

17. Defendant "John Doe" #3 is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

18. At all times relevant herein, defendant "John Doe" #3 was acting within the scope of his employment by defendant The City of New York.

19. Defendant "John Doe" #4 is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

20. At all times relevant herein, defendant "John Doe" #4 was acting within the scope of his employment by defendant The City of New York.

21. Defendant "John Doe" #5 is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

22. At all times relevant herein, defendant "John Doe" #5 was acting within the scope of his employment by defendant The City of New York.

23. Defendant "John Doe" #6 is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

24. At all times relevant herein, defendant "John Doe" #6 was acting within the scope of his employment by defendant The City of New York.

## NOTICE OF CLAIM

25. On June 17, 2022, and within 90 days of the accrual of the causes of action herein, plaintiff Waldo E. Toribio Valerio served on the Comptroller of the City of New York a Notice of Claim setting forth the time when, the place where and the manner in which his claims arose.

26. More than thirty days have elapsed since plaintiff Waldo E. Toribio Valerio's Notice of Claim was served upon defendant The City of New York and said defendant has neglected and/or refused to make an adjustment or payment.

## STATEMENT OF CLAIMS

27. Plaintiff incorporates by reference paragraphs 1 through 26 of this complaint as though the same were set forth fully herein.

28. On April 8, 2022, plaintiff Waldo E. Toribio was the owner of a Suzuki DR-Z400 motorcycle.

29.  On April 8, 2022, plaintiff Waldo E. Toribio Valerio was lawfully present at the northeast corner of Broadway and West 155th Street, in the borough of Manhattan, City and State of New York.

30.  On April 8, 2022, plaintiff Waldo E. Toribio Valerio was lawfully sitting on his Suzuki DR-Z400 motorcycle while stopped for a traffic light at the northeast corner of Broadway and West 155th Street, in the borough of Manhattan, City and State of New York.

31.  On April 8, 2022, at the northeast corner of Broadway and West 155th Street, in the borough of Manhattan, City and State of New York, defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 forcibly pulled plaintiff Waldo E. Toribio Valerio off his motorcycle, causing the motorcycle to fall on the plaintiff.

32.  After pulling plaintiff Waldo E. Toribio Valerio off his motorcycle, one of the defendants handcuffed the plaintiff's wrists so tight that the handcuffs punctured his left wrist.

33.  As a result of the conduct of defendants "John Doe' #1, "John Doe" #2, "John Doe" #4, "John Doe" #4, "John Doe" # 5 and "John Doe" #6, plaintiff Waldo E. Toribio Valerio suffered injuries to his  right knee, left shoulder, left wrist, left leg and left ankle.

34.  Defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 and Jeremy Stumer arrested plaintiff Waldo E. Toribio Valerio on a false charge of Reckless Driving.

35.  Plaintiff Waldo E. Toribio Valerio was transported to a police precinct, where he was imprisoned for a period of time.

36.  The defendants did not have a warrant or other legal process authorizing the arrest of plaintiff Waldo E. Toribio Valerio.

37.  The charge upon which defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 and Jeremy Stumer arrested and imprisoned plaintiff Waldo E. Toribio Valerio was false.

38.  On or about April 8, 2022, defendant Jeremy Stumer instituted a criminal proceeding against plaintiff Waldo E. Toribio Valerio in the Criminal Court of the City of New York under docket number 2022SK007427 by signing a Complaint/Information accusing plaintiff Waldo E. Toribio Valerio of the crime of Reckless Driving.

39.  Plaintiff Waldo E. Toribio Valerio was required to appear in the Criminal Court of the City of New York on two occasions to defend against the false criminal charge filed by defendant Jeremy Stumer.

40.  On May 23, 2022, the criminal proceeding instituted by defendant Jeremy Stumer against plaintiff Waldo E. Toribio Valerio was dismissed.

41.  Plaintiff Waldo E. Toribio Valerio incurred medical expenses for the treatment of injures sustained as a result of the assault by defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 .

**COUNT ONE**
**FALSE IMPRISONMENT UNDER 42 U.S.C. §1983**

42.  Plaintiff incorporates by reference paragraphs 1 through 41 of this Complaint as though the same were set forth fully herein.

43.  Defendants Jeremy Stumer, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 participated in the seizure, arrest and imprisonment of plaintiff Waldo E. Toribio Valerio on April 8, 2022.

44. The seizure, arrest and imprisonment of plaintiff Waldo E. Toribio Valerio on April 8, 2022, were made without any valid warrant or other legal process directing or authorizing his seizure, arrest, or imprisonment.

45. Defendants Jeremy Stumer, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 lacked probable cause to arrest plaintiff Waldo E. Toribio Valerio.

46. The charge upon which defendants Jeremy Stumer, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 seized, arrested and imprisoned plaintiff Waldo E. Toribio Valerio was false.

47. Defendants Jeremy Stumer, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 intended to confine plaintiff Waldo E. Toribio Valerio.

48. Plaintiff Waldo E. Toribio Valerio was aware of his seizure, arrest and imprisonment by defendants Jeremy Stumer, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 .

49. Plaintiff Waldo E. Toribio Valerio did not consent to his seizure, arrest or imprisonment by the defendants Jeremy Stumer, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 .

50. The seizure, arrest and imprisonment of plaintiff Waldo E. Toribio Valerio by defendants Jeremy Stumer, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 on April 8, 2022, deprived plaintiff Waldo E. Toribio Valerio of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

51.  Defendants Jeremy Stumer, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 were acting under color of state law when they seized, arrested and imprisoned plaintiff Waldo E. Toribio Valerio.

52.  Defendants Jeremy Stumer, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 deprived plaintiff Waldo E. Toribio Valerio of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Waldo E. Toribio Valerio without a warrant.

53.  Defendants Jeremy Stumer, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 deprived plaintiff Waldo E. Toribio Valerio of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation 42 U.S.C. §1983, by seizing, arresting and imprisoning plaintiff Waldo E. Toribio Valerio on a false criminal charge.

54.  As a result of the foregoing, plaintiff Waldo E. Toribio Valerio was deprived of his liberty, was imprisoned, was subjected to mental and physical distress, and suffered embarrassment and humiliation.

## COUNT TWO
## USE OF EXCESSIVE FORCE UNDER 42 U.S.C. §1983

55.  Plaintiff incorporates by reference paragraphs 1 through 54 of this complaint as though the same were set forth fully herein.

56. On April 8, 2022, defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 used excessive and unreasonable force against plaintiff Waldo E. Toribio Valerio.

57. The level of force used by defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 against plaintiff Waldo E. Toribio Valerio was objectively unreasonable.

58. Defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6  acted in concert in the use of excessive force against plaintiff Waldo E. Toribio Valerio and/or could have intervened to stop the use of excessive force.

59. Defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 maliciously and sadistically employed force against plaintiff Waldo E. Toribio Valerio for the purpose of causing physical injury to the plaintiff.

60. The use of excessive force by defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 deprived plaintiff Waldo E. Toribio Valerio of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States.

61. Defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6  were acting under color of state law when they used excessive force against plaintiff Waldo E. Toribio Valerio.

62. Defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 deprived plaintiff Waldo E. Toribio Valerio of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the

Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by using excessive force against him.

63.  As a result of the defendants' use of excessive force, plaintiff Waldo E. Toribio Valerio sustained physical injuries to his right knee, left shoulder, left wrist, left leg and left ankle and experienced emotional distress..

64.  As a result of the defendants' use of excessive force, plaintiff Waldo E. Toribio Valerio experienced pain, physical and emotional distress, hardship and anxiety, and incurred medical expenses.

**COUNT THREE**
**FAILURE TO INTERVENE IN THE ARREST OF AND**
**USE OF EXCESSIVE FORCE AGAINST THE PLAINTIFF**

65.  Plaintiff incorporates by reference paragraphs 1 through 62 of this complaint as though the same were set forth fully herein.

66.  Defendant Jeremy Stumer was present during the use of excessive force against plaintiff Waldo E. Toribio Valerio by defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6.

67.  Defendant Jeremy Stumer had an affirmative duty to intervene to prevent the violation of plaintiff Waldo E. Toribio Valerio Constitutional right to be secure in his person against unreasonable searches and seizures.

68.  It was objectively unreasonable for defendant Jeremy Stumer to believe that the conduct of defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 did not violate plaintiff Waldo E. Toribio Valerio's Constitutional right to be secure in his person against unreasonable searches and seizures.

69.  Defendant Jeremy Stumer failed to intervene to prevent the violation of plaintiff Waldo E. Toribio Valerio's Constitutional right to be secure in his person against unreasonable searches and seizures.

70.  Defendant Jeremy Stumer deprived plaintiff Waldo E. Toribio Valerio of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation 42 U.S.C. §1983, by failing to intervene to prevent the arrest of Waldo E. Toribio Valerio on a false criminal charge.

## COUNT FOUR
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

71.  Plaintiff incorporates by reference paragraphs 1 through 70 of this Complaint as though the same were set forth fully herein.

72.  The criminal charge brought by defendant Jeremy Stumer against plaintiff Waldo E. Toribio Valerio in the Criminal Court of the City of New York was false.

73.  Defendant Jeremy Stumer instituted the criminal proceeding against plaintiff Waldo E. Toribio Valerio with knowledge that the charge was false.

74.  Defendant Jeremy Stumer instituted the criminal proceeding against plaintiff Waldo E. Toribio Valerio without probable cause to believe that plaintiff Waldo E. Toribio Valerio had committed the crime charged.

75.  Defendant Jeremy Stumer was acting with malice when he commenced the criminal proceeding against plaintiff Waldo E. Toribio Valerio.

76.  The criminal proceeding instituted by defendant Jeremy Stumer against plaintiff Waldo E. Toribio Valerio was terminated in plaintiff Waldo E. Toribio Valerio's favor.

77. Defendant Jeremy Stumer was acting under color of state law when he commenced a criminal proceeding against plaintiff Waldo E. Toribio Valerio in the Criminal Court of the City of New York.

78. Defendant Jeremy Stumer deprived plaintiff Waldo E. Toribio Valerio of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States. under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Waldo E. Toribio Valerio on a false charge.

79. Defendant Jeremy Stumer deprived plaintiff Waldo E. Toribio Valerio of his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Waldo E. Toribio Valerio on a false criminal charge.

80. As a result of the criminal proceeding instituted by defendant Jeremy Stumer, plaintiff Waldo E. Toribio Valerio was greatly humiliated, was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

## COUNT FIVE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

81. Plaintiff incorporates by reference paragraphs 1 through 80 of this Complaint as though the same were set forth fully herein.

82. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, from lawsuits, from claims filed with the New York City Law Department, and from the New York City Police Department's own observations, that

defendants Jeremy Stumer, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5 and "John Doe" #6 are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

83.   Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

84.   The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact, and more particularly, the rights of plaintiff Waldo E. Toribio Valerio..

85.   Nevertheless, defendant The City of New York exercised deliberate indifference by failing to take remedial action, by failing to train, retrain, supervise, monitor and discipline the officers, and improperly retained and utilized them.

86.   Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Waldo E. Toribio Valerio would be violated.

87.   Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Waldo E. Toribio Valerio.

88.   Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

89. Defendant The City of New York deprived plaintiff Waldo E. Toribio Valerio of his right to be secure in his person against unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public, which resulted in the arrest, subjection to excessive physical force and imprisonment of plaintiff Waldo E. Toribio Valerio.

## COUNT SIX
## COMMON LAW ASSAULT

90. Plaintiff incorporates by reference paragraphs 1 through 89 of this Complaint as though the same were set forth fully herein.

91. The above described acts of defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 and the City of New York placed plaintiff Waldo E. Toribio Valerio in fear of imminent harmful physical contact.

92. As a result of the foregoing, plaintiff Waldo E. Toribio Valerio was injured.

93. As a result of the foregoing, plaintiff Waldo E. Toribio Valerio experienced emotional distress in anticipation of the impending acts of force used against him.

## COUNT SEVEN
## COMMON LAW BATTERY

94. Plaintiff incorporates by reference paragraphs 1 through 93 of this Complaint as though the same were set forth fully herein.

95. Defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 and the City of New York committed multiple acts of battery on plaintiff

Waldo E. Toribio Valerio by physically pulling the plaintiff off his motorcycle, causing the motor cycle to fall on the plaintiff, and handcuffing the plaintiff's wrists excessively tight.

96.  As a result of the foregoing, plaintiff Waldo E. Toribio Valerio was injured.

97.  As a result of the foregoing, plaintiff Waldo E. Toribio Valerio experienced injuries to his right knee, left shoulder, left wrist, left leg and left ankle, pain, physical and emotional distress, hardship and anxiety.

**COUNT EIGHT
COMMON LAW FALSE IMPRISONMENT**

98.  Plaintiff incorporates by reference paragraphs 1 through 97 of this Complaint as though the same were set forth fully herein.

99.  Defendants Jeremy Stumer, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 and the City of New York did not have a valid warrant authorizing the arrest of plaintiff Waldo E. Toribio Valerio.

100.  Defendants Jeremy Stumer, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6  and the City of New York seized, arrested and imprisoned plaintiff Waldo E. Toribio Valerio on a false criminal charge.

101.  Defendants Jeremy Stumer, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6  and the City of New York lacked probable cause to arrest plaintiff Waldo E. Toribio Valerio.

102.  Plaintiff Waldo E. Toribio Valerio was aware of his seizure, arrest and imprisonment by defendants Jeremy Stumer, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6  and the City of New York.

103.   Plaintiff Waldo E. Toribio Valerio did not consent to his seizure, arrest and imprisonment by defendants Jeremy Stumer, "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6  and the City of New York.

104.  As a result of the foregoing, plaintiff Waldo E. Toribio Valerio was deprived of his liberty, was imprisoned, and was subjected to mental and physical distress, embarrassment and humiliation.

### COUNT NINE
### COMMON LAW MALICIOUS PROSECUTION

105.   Plaintiff incorporates by reference paragraphs 1 through 104 of this complaint as though the same were set forth fully herein.

106.   The criminal charge brought by defendants Jeremy Stumer and The City of New York against plaintiff Waldo E. Toribio Valerio in the Criminal Court of the City of New York was false.

107.   Defendants Jeremy Stumer and The City of New York instituted the criminal proceeding against plaintiff Waldo E. Toribio Valerio with knowledge that the charge was false.

108.   Defendants Jeremy Stumer and The City of New York instituted the criminal proceeding against plaintiff Waldo E. Toribio Valerio without probable cause to believe that plaintiff Waldo E. Toribio Valerio had committed the crime charged.

109.   Defendants Jeremy Stumer and The City of New York were acting with malice when they commenced the criminal proceeding against plaintiff Waldo E. Toribio Valerio.

110.   Plaintiff Waldo E. Toribio Valerio was required to appear in criminal court in response to the criminal proceeding instituted by defendants Jeremy Stumer and The City of New York.

111.  The criminal proceeding instituted by defendants Jeremy Stumer and The City of New York against plaintiff Waldo E. Toribio Valerio was terminated in plaintiff Waldo E. Toribio Valerio's favor.

112.  As a result of the criminal proceeding instituted by defendants Jeremy Stumer and The City of New York, plaintiff Waldo E. Toribio Valerio was greatly humiliated, was subjected to mental and physical distress, and was exposed to public ridicule, scorn, humiliation and embarrassment.

## COUNT TEN
## TRESPASS TO CHATTEL

113.  Plaintiff incorporates by reference paragraphs 1 through 112 of this complaint as though the same were set forth fully herein.

114.  Defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6  and the City of New York intended to cause damage to the plaintiff's motorcycle.

115.  Defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6  and the City of New York physically interfered with the plaintiff's possession of his motorcycle.

116.  Defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6 and the City of New York intentionally damaged the plaintiff's motorcycle.

117.  As a result of the actions of defendants "John Doe" #1, "John Doe" #2, "John Doe" #3, "John Doe" #4, "John Doe" #5, "John Doe" #6  and the City of New York, the plaintiff incurred expenses to repair the damage to his motorcycle.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff Waldo E. Toribio Valerio respectfully requests that this Court grant the following relief:

A.  Award the plaintiff compensatory damages to be determined by the jury at the time of trial;

B.  Award the plaintiff punitive damages to be determined by the jury at the time of trial;

C.  Award the plaintiff reasonable attorneys' fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D.  Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by their Complaint.

Dated: New York, New York
      April 5, 2023

MICHELSTEIN & ASHMAN, PLLC

By:_____/S_____
              Richard A. Ashman
Attorneys for Plaintiff
485 Madison Avenue, 16TH Floor
New York, New York 10022
malaw485@yahoo.com
(212) 588-0880